WILLIAM E. JACKSON and GEORGE F. JACKSON, executors of JOHN K. JACKSON, plaintiff in error, *vs.* THE SOUTHERN MUTUAL LIFE INSURANCE COMPANY, defendant in error.

NOTE.—WARNER, C. J., did not preside in this case.

Suit was brought on a policy of insurance obligating the insurance company to pay a certain sum "within sixty days after due notice and proof of the death of the" assured.—Held that allegation and proof of such notice and death are conditions precedent to a recovery on such policy.

Attachment.   Demurrer.   Decided by Judge SNEAD, City Court of Augusta, November Term, 1865.

The Southern Mutual Life Insurance Company, a corporation, for a certain annual premium, issued a policy insuring the life of William E. Sikes for $10,000.00.   It was stipulated by the policy that the company would pay that sum to Sikes, his executors, administrators, and assigns, "within sixty days after due notice and proof of the death of said William E. Sikes," *provided,* (among other things,) that the policy was to be void if said Sikes "shall enter into any military or naval service whatsoever (the militia not in actual service excepted).   Sikes assigned this policy to John K. Jackson, by and with the consent of the company, as collateral security for a judgment for $16,000.00 and interest, which Jackson held against him.

The annual premiums had been paid up to the 11th April, 1865.   Before that time, under and by force of the Conscription Act, and against his will, Sikes had been forced into the Confederate States' Army, and of sickness not therein contracted had died.

The petition averred said facts, and "that of all and singular the premises the said company had notice and were bound to pay said insurance, according to the tenor and effect of said policy."

Pending the action, plaintiff died, and his said·executors were made parties.

The said company, by its attorneys, demurred to said declaration.

The grounds of demurrer were—

1st. Because plaintiff does not aver that defendant ever had due notice, or that he had made due proof of the death of Sikes to the Company.

2d. Because Sikes' so being in the Confederate Army defeated the policy.

The Court sustained the demurrer on each ground, and ordered said case dismissed.

This action of the Court is assigned as error.

This case was argued December term, 1866, and held for consideration.

STARNES and JOHNSON, attorneys for plaintiff in error, cited the following: Bowring vs. Elamslie, 7th T. R., 216, *Note ;* Chitty on Con., 95 ; Evans vs. Saunders, 8th Port., 497 ; Code, section 2721, par. 4 ; Paradine vs. Jane Aleyn, R. 26–27 ; Dyer, 33 ; B. and A. Canal Co. vs. Pritchard, 6th T. R., 750 ; Story on Bail, section 36 ; Mar. on Ins., 164–165 ; Bowdaile vs. Hunter, 5th Man. and G., 639 ; Bristed vs. Farmers' L. and I. Co., 4th Hill (N. Y.) R., 75 ; Burbank vs. Rockingham In. Co., 4 Fost (N. H.) R., 550 ; Farmers' In. Co. vs. Simmons, 30 Penn., 294 ; Sproul vs. N. C. In. Co., 1 Jones L. R., 126 ; Delaney vs. Stoddart, 1 T. R., 22 ; Scott, *et al.,* vs. Thompson, 1 Bos. and Pul., 185 ; Miller and Robertson vs. Russel, *et al.,* 1 Bay., 305 ; Campbell vs. Williamson, 2 Bay., 237 ; Baldwin vs. N. Y. L. In. Co., 3 Bosworth R., 530 ; People vs. Bartlett, 3 Hill (N. Y.), 570 ;—to show that Sikes' being in the army did not defeat the policy.

BARNES and CUMMING, for defendant, upon the first point cited 2 Phil. on In., 643, 644, 753 ; 12 Wendell R., 452.

And upon the second point cited Emerigon, 4, 13, 51 ; Angel on In., 235, 334, 354, 362 ; 1 Arnould on In., 2, 3, 348.

WALKER, J.

The obligation in this case is to pay "within sixty days after due notice and proof of the death of said William E. Sikes." Notice and proof are conditions precedent to a recovery in this case. Such are the terms of the contract. There is no allegation in this declaration that any such notice and proof were given to defendant, and in the argument it was admitted, as we understood it, that none was given before process was sued out. When would the right of action accrue by virtue of this policy? When would the debt become due and payable? The contract defines the rights of the parties, and specifies when the money shall be payable. The debt is not due at the death of Sikes, nor could it become due until notice and proof of the death be given; nor is it due at once upon the giving the notice and making the proof, for by the terms of the contract defendant has sixty days after this within which to pay. There is no breach of the contract until the expiration of the sixty days, and defendant shall have failed to pay; then a right of action accrues, and not before. Many reasons might be given why defendant should require such notice and proof, and then time to convert its assets into money before it should be bound to pay. It is sufficient to say that the contract requires the notice and proof, and gives defendant sixty days thereafter within which to pay, and the contract contains the measure of plaintiff's rights. Worsley vs. Wood, 6 T. R., 711; Inman vs. Western Insurance Co., 12 Wen., 452; 1 Ch. Pl., 320–1; ib., 329–30.

For want of an allegation of compliance on the part of plaintiff with this condition precedent, the Court below dismissed the action, and we affirm, his judgment on that ground.

In relation to the other question made by this record, Judge HARRIS thinks the fact that the assured was conscribed and forced into the military service of the Confederate States avoids the policy. I am not prepared now so to hold. In my judgment, this is a grave question and

should be decided by a full bench. So far as I am concerned, I perfer to leave it entirely open for future adjudication when it may be necessary to decide it. As we affirm the judgment on the first point, a decision of the second is thereby rendered unnecessary.

Judgment affirmed.