SUSANNA KAUZ, Appellant, *v.* THE GREAT COUNCIL OF THE IMPROVED ORDER OF RED MEN, Respondent.

February 27, 1883.

1. PRESUMPTION OF DEATH. — In the absence of any fact except that of the absence of a person for seven years without having been heard from, the presumption is that such person died on the last day of the seven years.

2. EVIDENCE OF DEATH. — That presumption may be rebutted by proof of facts tending to show that death occurred at an earlier period.

3. LIMITATIONS — BENEVOLENT SOCIETIES. — A widow's cause of action for money payable to her by a benevolent society on proof of her husband's death, is within the statutory limitation of five years.

4. —— On such a cause of action the statute begins to run from the day on which the widow could make the demand payable by presenting proper proofs of her husband's death.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Affirmed*.

AUG. REBENACK and LOUIS GOTTSCHALK, for the appellant: The statute did not begin to run until the death of the insured, which was not until seven years after his disappearance. — *Hancock* v. *Insurance Co.*, 62 Mo. 26. The bar created by the statute is ten years. — Rev. Stats., sect. 3229 ; *Reyburn* v. *Casey*, 29 Mo. 129 ; *Shelton* v. *Rodney*, 1 Mo. App. 130. The death did not entitle the suit to be brought. — *Sims* v. *Insurance Co.*, 47 Mo. 54 ; *Kirk* v. *Insurance Co.*, 13 Ch. Leg. N. 272. The acts of the defendant created an estoppel. — *Organ* v. *Insurance Co.*, 3 Mo. App. 572 ; *Rakes* v. *Insurance Co.*, 51 Md. 508 ; Bliss on Ins., sect. 273.

RUDOLPH SCHULENBURG, for the respondent: Death is presumed after seven years' absence. — *Doe* v. *Deakin*, 2 Barn. & Ald. 433 ; *Hancock* v. *Insurance Co.*, 62 Mo. 26 ; *Doe* v. *Jesson*, 6 East, 80. A presumption of death may be drawn whenever the facts will warrant it. — *Gerry* v. *Post*, 13 How. Pr. 118 ; *King* v. *Paddock*, 18 Johns. 141 ; *Oppenheim* v. *Wolf*, 3 Sandf. Ch. 571 ; *King* v. *Harbonne*, 2 Ad. & E. 540. Plaintiff's cause of action accrued immediately upon the death of her husband, and the statute of limitations commenced to run from that time, because a cause of action is held to accrue for the purposes of setting the statute in motion, as soon as the creditor, by his own act and in spite of the debtor, can make the demand payable. — *Jameson* v. *Jameson*, 72 Mo. 640 ; *Morrison* v. *Morrison*, 34 Pa. St. 16 ; *Keithler* v. *Foster*, 21 Ohio St. 31 ; *Easton*

*v. McAllister*, 1 Mo. 662.   The cause of action in case at bar is upon a contract of defendant not contained in a writing for the payment of money, and therefore became barred after the lapse of five years. — Rev. Stats. Mo. 1875, sects. 3229, 3230 ; *Carr* v. *Thompson*, 67 Mo. 476.

BAKEWELL, J., delivered the opinion of the court.

This is an action against a benevolent corporation, by the widow of a deceased member, for the amount payable to her on the death of her husband.   The petition alleges that the husband of plaintiff disappeared in July, 1874, and has been absent and unheard of for seven years, and that he is dead.   The answer is a general denial ; and the defendant also pleads that the action was not begun within five years after the action accrued.   The cause was tried by the court without a jury, and the finding and judgment were for defendant.

It appears from the charter of defendant that $500 is payable to the widow, on the death of a member in good standing.   This sum is payable within one month after notification and proof of death.   Each member is to pay $1.50 monthly, besides assessments ; and, if in arrears for more than thirteen weeks, shall be excluded from all benefits, and not entitled to same until after the lapse of one month from the day on which the arrears were paid.   Whoever is in arrears for five months shall be required, in writing, by the secretary, to pay ; and if he fails to do so within five weeks, or fails to notify the tribe of his inability, he shall be suspended, and his suspension entered of record.   There is no conflict of evidence.   The following facts appear : Plaintiff was, on July 7, 1874, the wife of Karl Kauz, who was then a member of the corporation defendant, in good standing. Karl Kauz, on that day, left home, and said that he was going to bathe.   Since that day, he has never been heard of.   His clothes were found on the river bank, on the evening of the same day.   He made his last payment, on June

24, 1874; and was suspended for non-payment of dues, in June, 1875.

In October, 1881, plaintiff applied for her death money, and tendered an indemnifying bond. The grand secretary of defendant, without consulting the committee, made an assessment to pay the loss; this assessment was paid. The committee thereupon met, and rejected the bond as insufficient. The grand council was then called, and decided that the assessment should not be paid.

The court gave a declaration of law to the effect that, if Karl Kauz died on July 7, 1874, plaintiff cannot recover.

Instructions asked by defendant were refused. Some declarations of law seem to have been given by the court at the instance of plaintiff, which appear to have been excepted to by plaintiff, if we are to follow the transcript, which is manifestly full of clerical errors, and made up in a bungling manner. It is not necessary to set these instructions out.

If Kauz disappeared on July 7, 1874, and his death is to be presumed from the sole fact of his not having been heard of for seven years, then the presumption is that he died on July 6, 1881. *Hancock* v. *Insurance Co.*, 62 Mo. 26. In that case, not having paid his dues for seven years, it does not appear how he could recover, in the face of the provision of the constitution of defendant.

If, on the other hand, he was drowned on July 7, 1874, as the trial court clearly found, and as the trier of the fact was warranted in finding on the evidence (*Hancock* v. *Insurance Co.*, *supra*), then the statute of limitations was a bar to plaintiff's recovery.

The cause of action clearly falls within the limitation of five years. *Carr* v. *Thompson*, 67 Mo. 472. And the statute began to run from the day of Karl Kauz's death. At that date, the widow, by her own act, and in spite of the debtor, might have made the demand payable by giving proper notice and proofs of loss. If an act on the part of

the creditor, such as demand or notice, is necessary to complete his cause of action, such demand must be made within the statutory period for bringing the action on the contract; and if not made within that period, the action will be barred. There are exceptions to the rule, as when a delay in making demand is contemplated by the contract itself, as in case of a note to be paid on demand at any time within the payee's life. But the present case falls within the rule. *Palmer* v. *Palmer*, 36 Mich. 47.

There seems to be nothing in the contention of appellant that defendant, by suspending the deceased for non-payment of dues in 1875, treated him as alive, and is therefore estopped to say that he was then dead. Defendant was not bound to take notice of the circumstances in evidence in this case, which go to show that Kauz died by drowning, on the day of his disappearance. Nor could its action in suspending Kauz have misled the widow, or given her any additional rational ground to doubt her husband's death, or to neglect to proceed at once with notice and proof of death.

We see no reason for disturbing the judgment. Judgment affirmed. All the judges concur.