J. F. STRATTON, *as Administrator, &c.,* v. R. R. McCANDLISS.

1. DEBTS OF DECEASED — *Land Subject to Sale to Pay.* S. was the owner of a parcel of land of less than one acre, in an incorporated city, and with his wife occupied it as a homestead for several years prior to his decease, and after his decease it was occupied by his widow as a homestead until her decease, which occurred about three months after the decease of S. They left no minor children, and none of their children ever resided upon the land, and no conveyance of the land was made while it was so occupied as a homestead. S. was owing debts, and left no real or personal property other than the land so occupied as a homestead. *Held,* That on the decease of the widow of S., the land was sub-

ject to sale for the payment of the debts of S., and it was the duty of the executor or administrator to his estate to sell it and pay the debts.

2. PROBATE COURTS—*Authority Over Executors, etc.* By the statutes of this state, probate courts have authority to direct and control the official acts of executors and administrators, settle their accounts, and order the distribution of estates; and if an executor or administrator fail, neglect or refuse to perform any duty by law required of him as such, the probate court may, by proper orders, compel the performance of such duty.

### *Error from Lyon District Court.*

THE plaintiff in error, *J. F. Stratton,* as administrator of the estate of Caleb Stratton, deceased, brings to this court for review a certain order made by the district court at the September Term, 1883. The opinion states the facts.

*C. N. Sterry,* for plaintiff in error.

*Cunningham & McCarty,* for defendant in error.

The opinion of the court was delivered by

HURD, J.: This was an appeal from the probate court of Lyon county. The facts are fully stated in the findings of fact made by the court below, as follows:

"That heretofore, to wit, on or about May, 1879, the said Caleb Stratton died, at Lyon county, Kansas, leaving a will, which is in words and figures following, to wit:

'Know all men by these presents, that I, Caleb Stratton, of Emporia, Lyon county, Kansas, being in good health and of sound and disposing mind and memory, do make and publish this my last will and testament, hereby revoking all former wills and testaments by me at any time heretofore made.

'*First,* I hereby constitute and appoint my wife, Jane Stratton, to be sole executrix of this my last will and testament, directing my said executrix to pay all my just debts and funeral expenses, and the legacies hereinafter given, out of my estate.

'*Second,* After the payment of my said debts and funeral expenses, I give to each of my children, Jesse Falconer Stratton and Eliza Stratton Thompson, the sum of five dollars, to be paid to each of them as soon after my decease, but within one year, as may be conveniently done.

'*Third,* And for the payment of legacies aforesaid, I give and devise to my said executrix all or so much of my personal estate as may be necessary therefor, at my decease.

'*Fourth,* I give to my said executrix all the remainder or residue of my personal effects, after the payment of said legacies, my funeral expenses and all my just debts, for her sole and exclusive use.

'*Fifth,* I devise to my said executrix all my real estate, to hold the same to her sole use forever.'

33—32 KAS.

"That on July 14, 1879, the said will was presented to, proved and allowed by the probate court of Lyon county, Kansas, and admitted to probate as the last will and testament of Caleb Stratton, deceased, and the said Jesse Stratton was on that day appointed administrator with the will annexed of the estate of said Caleb Stratton, deceased, and duly qualified as such administrator, and is now acting as such.

"That said Caleb Stratton was at the time of his death about eighty-two years of age, and his wife, the said Jane, about eighty years of age; that he left him surviving children — one, Jesse F. Stratton, the other, Eliza Stratton Thompson — both past middle age, and married and living in houses of their own, other than the said lot 103, on East street, Emporia, Lyon county, Kansas, mentioned in plaintiff's petition; that for more than ten years prior to the death of said Caleb, he with his said wife resided upon said real estate, to wit, lot 103, East street, Emporia, Kansas, as their homestead; that for several years prior to his death, the said Caleb was troubled with a cancer, which ultimately resulted in his death; and that at times during such sickness, he and his said wife would remove temporarily to the home of their said son Jesse, for the purpose of having better care, with the intention, however, of returning to their own home when sufficiently recovered so to do, which intention they always carried out until the last time they so removed, which was in October, 1877, at which time they went to said Jesse's home with the intention of remaining through the winter, and returning to their said home in the spring, on lot 103, East street, in the city of Emporia, Kansas, the same containing less than one acre of land, and within the limits of an incorporated city, to wit, the city of Emporia; but in the spring the said Caleb became much worse, and died in May, 1878, at his son Jesse's home; his widow, the said Jane, owing to her feeble health, determined to remain temporarily at the home of her said son, intending to return and occupy the said lot 103 in the fall of 1878, and for her homestead; but shortly after the death of said Caleb, she was taken quite ill at the home of said Jesse, of which illness she died in less than three months from the time when Caleb died, not having returned to said lot 103 after having left it in the fall of 1877; that neither of said children — Jesse F., nor Eliza — ever resided on lot 103; that there is now no other property belonging to the said estate of said Caleb except the said lot 103, and that there was no other at the time of his death; that the demand of this plaintiff to the amount

of $296.50, which was for medical services rendered by plaintiff to said Caleb in his last sickness, was by the probate court of Lyon county, Kansas, allowed, on June 24, 1880, and placed in the second class of claims, and no part thereof has ever been paid; that there are no other debts or demands due from said estate except that of this plaintiff, the said R. R. McCandliss."

The plaintiff in error, as the administrator of the estate of Caleb Stratton, deceased, took no proceedings to sell the real estate to pay the debts of the estate; and on the 15th day of March, 1882, the defendant in error filed his petition in the probate court of Lyon county, stating the allowance of his claim and the amount of it; that there was no other demand against the estate, and no other debts owing by it; that the administration was begun upon said estate on the 14th of July, 1879, and that the plaintiff in error had duly qualified as administrator, and is now acting; that he had reported to the probate court that no personal property had come into his hands belonging to the estate; that the said decedent died seized of lot 103, on East street, in Emporia, Lyon county, Kansas, the same being all the real estate of which he died seized, and of the value of $800; that such real estate is subject to the payment of the debts of the said Caleb Stratton; and prays that such administrator be required to take immediate steps to sell such real estate in accordance with law, and from the proceeds he pay the amount due to the petitioner, McCandliss.

The probate court issued an order to show cause to the plaintiff in error, who appeared and filed his answer, and on a hearing the probate court made the order prayed for by the petition. The defendant appealed to the district court of Lyon county. In the district court the defendant below demurred on the ground that the petition does not state facts sufficient to constitute a cause of action against him, and that it does not entitle the plaintiff to the relief demanded. The demurrer was heard at the March term, 1883, and overruled, and the defendant excepted; and thereupon the defendant filed his answer, claiming that on the decease of the widow of Caleb Stratton, the

heirs-at-law of Stratton were the owners of the land, and that it was not subject to be sold to pay the debts of Caleb Stratton. On the trial the district court made special findings of fact, (a copy of which is hereinbefore given,) and upon them rendered the following judgment:

"The petition of R. R. McCandliss for an order upon Jesse F. Stratton, administrator with the will annexed of the estate of Caleb Stratton, deceased, to sell real estate belonging to said estate to pay the debt of said estate due to said petitioner, coming on to be heard upon the said petition, answer of said administrator to the order of this court to show cause, and the reply of said McCandliss, the court finds the following to be the facts in said matter [which said facts are here omitted, as they are the same as hereinabove fully stated and set forth]. It is therefore considered, ordered and adjudged, that said administrator Jesse F. Stratton proceed forthwith to convert the said real estate into money, and for that purpose that he take the measures in the probate court of this county as provided by law; and the said probate court is hereby directed and ordered to discharge said administrator from the said trust in case he shall fail, neglect or refuse to so proceed to sell said real estate. It is further ordered and adjudged, that the costs of this appeal and proceedings be paid by said estate."

The plaintiff in error now claims that the probate court had no authority to make the order appealed from. We think the authority is expressly given by § 1, ch. 29, Comp. Laws 1879, the third subdivision of which is as follows: "*Third*, to direct and control the official acts of executors and administrators, settle their accounts, and order the distribution of estates." And whenever the executor or administrator of an estate fails to perform any duty required by law, the probate court has the power, by proper orders, to direct and compel the performance of it; and any person interested in the estate as a creditor or otherwise may invoke the aid of the court to compel the performance of the duties required by law of executors and administrators. As Caleb Stratton left no personal estate, it was the duty of the administrator, under § 114, of ch. 37, Comp. Laws of 1879, to sell his real estate to pay the debts of the estate. He neglected to take proceedings provided by law

for such purpose, and McCandliss as a creditor had the right to petition the probate court for an order, and the court had the power to make the order that the plaintiff in error proceed in the manner provided by law to sell the real estate for the payment of the debts of the estate. The petition in the probate court is sufficient in form and substance, and the demurrer thereto was properly overruled by the district court.

The plaintiff contends that under the statute of descents and distributions, (Comp. Laws, ch. 33, § 2,) on the decease of Caleb Stratton, the lot became the absolute property of the widow, and on her decease that it became absolutely the property of their children, and is not subject to sale for the payment of the debts of Caleb Stratton. In the case of *Dayton v. Donart, Adm'r*, 22 Kas. 256, involving the same question, this court has held that—

"The homestead-exemption right vested in the widow and children of an intestate is just like any other homestead-exemption right, except that it is held by the occupants (prior to the widow's remarriage, and prior to all the children reaching their majority) free from division or partition as well as free from debts, and when it is abandoned as a homestead (if not previously sold), it becomes liable for the intestate's debts, as well as for the occupant's own debts."

On the authority of *Dayton v. Donart*, supra, we think that the land ordered to be sold by the probate court was and is subject to sale for the payment of debts of the estate of Caleb Stratton, deceased, and that the judgment of the district court directing the plaintiff in error as administrator of the estate to proceed forthwith to convert it into money, and for that purpose that he take the measures in the probate court as provided by law, is not erroneous. Section 194, ch. 37, Comp. Laws, confers authority on the district court to render such judgment, or make any order in that behalf that the probate court had the authority or power to make. Judgment affirmed.

All the Justices concurring.