THE JOHN DEERE PLOW COMPANY *et al.* v. THE
EMPORIA NATIONAL BANK *et al.*

No. 10361.

ASSIGNMENT FOR THE BENEFIT OF CREDITORS — *assignee refusing to proceed for property wrongfully withheld, creditor cannot sue to subject it, but must ask order requiring assignee to act.* A creditor of an insolvent corporation which has made an assignment for the benefit of its creditors, cannot bring an action in his own name against a person who wrongfully withholds some of the assigned property from the assignee, to subject it to the payment of his claim, upon the ground that the assignee after demand and offer to indemnify, refuses to proceed for its recovery. His remedy in such case is by application to the court for an order upon the assignee to act.

Error from Lyon District Court. W. A. Randolph, Judge. Opinion filed January 8, 1898. *Affirmed.*

*W. F. Guthrie,* for plaintiffs in error.

*L. B. & J. M. Kellogg, C. B. Graves* and *I. E. Lambert,* for defendants in error.

DOSTER, C. J. This was an action in the nature of a creditor's bill. The Emporia Hardware Company, a corporation, was insolvent; and while so, executed to the Emporia National Bank, as a preferred creditor, a mortgage to secure its claim. Two days thereafter, the Hardware Company made an assignment, under the statute, for the benefit of its creditors. Subsequently, the plaintiff in error, a corporation and a creditor of the assignor, recovered judgment upon its claim, and thereupon filed a petition against the bank, the Hardware Company and the assignee, in which it alleged the corporate character of the Hardware Company, and averred that, while insolvent, it had executed the mortgage as a preference; that the Bank knew of its insolvency, but had accepted the mort-

gage, taken possession of the assigned property, and sold sufficient to pay its claim ; that not enough remained to satisfy the other creditors, and that plaintiff had asked the assignee to sue the Bank for the recovery of the mortgaged property, or its proceeds, and had offered to indemnify him and to provide him with counsel for the suit, but that he had declined to do so.   The plaintiff therefore asked, for itself and in behalf of all other creditors of the Hardware Company who might wish to share the benefits of the suit, that the Bank be required to account for the mortgaged property sold by it and pay the value of it to the plaintiff and other creditors.   These are the main allegations of the petition,— enough to show the nature of the action.   To this petition a demurrer for insufficiency of the facts stated was made and sustained.   The plaintiff prosecutes error to this court.

The theory of plaintiff in error is, that upon the insolvency of a corporation its property becomes a trust fund for the payment of its debts ; and that equity requires such trust fund to be equally distributed among the creditors, and will not, as in the case of insolvency of individuals, allow the execution of preferences by the corporate officers. Able arguments have been made upon this question by counsel for both sides, but the defendants in error raise an objection which obviates the necessity of the determination of such question by us.   That objection is, that the sole right to enforce the trust which plaintiff in error claims to exist resides in the assignee, as the representative of all the creditors, and cannot be exercised by the creditors themselves.

The theory of the assignment law of this State is that the assigned property is in the custody of the law ; that the assignee is a trustee for the creditors, and an officer of the court, and that it is his business to ad-

minister the trust, in pursuance of the statute, under the supervision and order of the court. It is his business to prosecute suits for the recovery of the assigned property ; even that which previous to the assignment had been fraudulently disposed of by the assignor. The cases of *Chapin v. Jenkins*, (50 Kan. 385, 31 Pac. 1084) and *Walton v. Eby*, (53 id. 257, 36 Pac. 332) are full to these points, and the principles upon which they were decided are applicable to this case. If the property of an insolvent corporation, prior to dissolution, constitutes a trust fund for the equal benefit of creditors and cannot be given by way of preference to any one of them, the assignee, in the case of an assignment by the corporation, becomes the trustee of its creditors, charged with the administration of the fund ; and if an assignee may recover property fraudulently disposed of by his assignor prior to an assignment, he may also recover that which has been theretofore disposed of through illegal preferences.

The fact that assignees may not always proceed to recover the trust property, and that in this case the assignee refused to do so, does not militate against the theory of his exclusive right to so proceed. It is his duty to institute suits, if the right of recovery exists, and, under the general power of the court to direct him in the discharge of his trust, the proper order will be made in the event of any particular dereliction. The authority of the court and the obligation of an assignee are quite like those of the court and an administrator in the settlement of a decedent's estate ; and it has been held that a creditor may apply to the court for an order upon the administrator to proceed to the performance of a required duty. *Stratton v. McCandliss*, 32 Kan. 516, 4 Pac. 1018. The correlative authority of the court and duty of the assignee are likewise substantially the same as those of the

court and an assignee in bankruptcy under the late United States Bankrupt Law. In the case of *Glenny v. Langdon* ( 98 U. S. 20 ), and in *Trimble v. Woodhead* ( 102 U. S. 647), it was held, that if the assignee refused upon demand of creditors to bring suit for the recovery of property belonging to his trust, the court upon application would order him to do so, and would remove him in the event of his continued refusal. In *Voorhees v. Carpenter* (127 Ind. 300) and in *Sweetzer v. Higby* (63 Mich. 13) it was held, under state assignment laws, that the remedy of a creditor desirous of reaching assigned property which the assignee refused to endeavor to recover was by order of court upon the assignee to proceed; and these last two cases likewise hold that the right of recovery is exclusively vested in the assignee. Section 37 of the Assignment Law of this State vests an aggrieved creditor with a right of complaint to the court; and directs that '' upon the hearing of the complaint the court shall make such order as to it shall seem fit and lawful in the premises for enforcing the provisions of this chapter.'' It is not sufficient for the creditor to make demand upon the assignee, and upon his refusal to act, to seize the law into his own hands and undertake that which it is the duty of the assignee to do, and which it must be presumed the court upon proper application would order the assignee to perform.

Because no right of action exists in the plaintiff in error, the judgment of the court below is affirmed.