## 9303. BANKERS HEALTH AND LIFE INSURANCE COMPANY v. AUGUST.

1. Under the terms of the insurance contract in the instant case, no suit could be brought on the policy after six months from the time the right of action accrued. To complete the right of action it was necessary that satisfactory proofs of the death of the insured be made by the beneficiary to the insurance company or its authorized agent. These satisfactory proofs were made when the affidavits were submitted on or about November 1, 1916, to the agent of the insurance company, showing that the person who died on February 14, 1916, was Clifford August, the insured. *Jackson* v. *Southern Mutual Life Ins. Co.,* 36 *Ga.* 429, 431; *Graham* v. *Niagara Fire Ins. Co.,* 106 *Ga.* 840 (32 S. E. 579); *Voorheis v.* Peoples Mutual Benefit Society, 91 Mich. 469 (2) (51 N. W. 1109); *Stinchcombe v.* New York Life Ins. Co.,

46 Or. 316 (4) ·(80 Pac. 213); Wilkinson *v.* John Hancock Mutual Life Ins. Co., 27 R. I. 146 (61 Atl. 43, 8 Ann. Cas. 1063); 4 Joyce on Ins. § 3186; 4 Cooley's Briefs on Insurance, 3973.

2. The ruling herein made disposes of the question presented by the demurrers to the petition, which were properly overruled by the judge of the municipal court.

3. The suit having been filed within six months after the right of action accrued, the judge did not err in overruling the certiorari.

DECIDED APRIL 9, 1918.

Certiorari; from Fulton superior court—Judge Bell. October 10, 1917.

*A. M. Brand,* for plaintiff in error.   *J. Mallory Hunt,* contra.

HARWELL, J.   On October 25, 1915, Clifford August took out an insurance policy with the Bankers Health and Life Insurance Company, which provided for a death benefit of $50, and in which his mother, Hattie August, was named as beneficiary.   On February 14, 1916, one who went by the name of Jim Hunter died at the Grady Hospital, in Atlanta.   On February 15, 1916, the death certificate was signed by Dr. L. G. Baggett, giving the name as Jim Hunter; and on the same date David Howard presented the death certificate to P. C. Carnes, the secretary and officer in charge of the insurance company.   On February 16, 1916, Hattie August, the beneficiary under the policy, went to the office of Carnes, and stated to him that the deceased person who was named in the death certificate as Jim Hunter was in reality her son Clifford August, whose life was insured in said company at the time of his death.   No proofs by affidavit or otherwise were presented at this time, identifying the deceased Hunter as Clifford August the insured.   Carnes refused to pay her anything upon the policy. On or about November 1, 1916, J. M. Hunt, attorney for Hattie August, presented to P. C. Carnes, secretary and officer in charge of said company, this death certificate, together with affidavits showing that Clifford August was also known as Jim Hunter, and that the deceased person named in the death certificate as Jim Hunter was in reality Clifford August.   The insurance company again refused to pay the claim.

The policy provides, among other things, that the company shall pay "the amount of the death benefit stipulated in the schedule herein contained, within 24 hours after the acceptance at the home office of satisfactory proofs of the death of the insured during the continuance of this contract;" that "No suit shall be brought or

action commenced against the company, under this policy, within thirty days from date the claim submitted was due, nor after six months from the time right of action accrued;" that "Claim for death benefit must be accompanied by the surrender of the policy and premium-receipt book of the insured, and satisfactory proofs of death of the insured;" and that "No claim shall be considered or approved or paid that is not presented in accordance with the terms of this policy."

There is no issue as to the facts that Clifford August had a policy with the insurance company on February 14, 1916, that all premiums due were paid, and that Hattie August was the beneficiary under the policy. The real issue is whether or not more than six months had elapsed after the right of action accrued, before suit was brought; or, in other words, just when did the right of action in this case accrue.

The case was tried on April 10, 1917, before Hon. J. B. Ridley, judge of the municipal court of Atlanta, and judgment was rendered for the plaintiff, Hattie August, for the full amount sued for. The defendant sued out a writ of certiorari. The judge of the superior court passed an order overruling the certiorari and rendering judgment against the defendant and in favor of the plaintiff for the sum of $50, with interest at seven per cent. from December 1, 1916. To this order the insurance company excepted.

The headnotes require no elaboration.

*Judgment affirmed. Broyles, J., concurs. Bloodworth, J., disqualified.*