23817. BURTON *v.* METROPOLITAN.LIFE INSURANCE COMPANY *et al.*

DECIDED MARCH 26, 1934.

*Duke Davis,* for plaintiff. *Lovejoy & Mayer,* for defendants.

SUTTON, J. "All actions upon promissory notes, bills of exchange, or other simple contracts in writing, shall be brought within six years after the same become *due and payable.*" Civil Code (1910), § 4361. (Italics ours.) A contract of insurance not executed under seal is a simple contract in writing, and where no contractual limitations are contained therein as to the time when an action on the policy shall be brought, the statute of limitations applicable to simple contracts in writing applies. 37 C. J. 597, § 378. In *Jackson* v. *Southern Mutual Life Ins. Co.,* 36 *Ga.* 429, where the insurance policy provided that the company was obligated to pay the loss "within sixty days after due notice and proof of the death of" the insured, it was held that the right of action under the policy accrued when the loss under the policy was *due and payable* [italics ours], that is, sixty days after due notice and proof of death, and that then the right of action accrued and not before. The

court held that the debt was not due upon the death of the insured, and was not due until notice and proof of death should be given. In the present case the plaintiff was insured under a group-insurance policy, which provided that if she were totally disabled, under the terms of the policy, she would receive certain benefits. This policy was issued on or before March 16, 1926. On December 7, 1926, the insured became totally disabled. On August 18, 1932, the insured, on blanks furnished by the company, filed proofs of disability with the company, and on October 18, 1932, payment was refused by the defendant insurance company. Plaintiff filed suit on April 5, 1933, alleging that she became totally disabled on December 7, 1926. The policy did not contain any contractual limitation upon the time to bring suit thereon, but provided that no amount was due under the policy until due proof had been made to the home office of the company, and then that no amount was due and payable until six months after receipt of such due proof of total and permanent disability. The policy did not provide for any period of time within which the proof of disability had to be submitted to the company.

If no time is fixed by the policy for the giving of the notice and proofs, they must be given within a reasonable time. What constitutes a reasonable time for giving notice depends on the circumstances of the particular case. 33 C. J. § 657, 11. If no time is fixed by the policy, the proofs must be furnished within a reasonable time, and what is a reasonable time is a question for the jury. *Great American Co-op. Fire Asso.* v. *Jenkins,* 11 *Ga. App.* 784 (76 S. E. 159). Where a life policy requires notice and proof of death, but furnishes no specific time therefor, the notice and proof may and must be given within a reasonable time after the death of the insured. 37 C. J. 557, § 311. Such times as more than seventeen years, or more than ten years have been held to be unreasonable. Shearlock *v.* New York Mut. L. Ins. Co., 193 Mo. App. 430 (182 S. W. 89); Harrison *v.* Masonic Mut. Ben. Soc., 59 Kan. 29 (51 Pac. 893). Independently of the statute of limitations, the right to maintain an action on a policy may be barred by the plaintiff's laches, as, for example, where he delays for ten years to bring the action. 37 C. J. 598. In the absence of any policy provision postponing the time of payment of the insurance, the statutory period of limitation runs from the time of the insured's death, *if on such*

*date the demand could be made payable by presenting proper proofs of death.* Harrison *v.* Masonic Mut. Ben. Soc., supra; Kauz *v.* Great Council, I. O. R. M., 13 Mo. App. 341. It will be noted that in the instant case the insured could not have made the demand payable on the date of her disability by making proof of disability at that time, but the insurer had six months therefrom before the amount was due and payable. However, where the policy provides for payment upon receipt and approval of proof of death, the statute does not commence to run until the company either approves the proof of death or refuses to concede death, nor does it run from the date of the death, although the beneficiary could have treated the company's delay in paying the claim as a rejection and brought suit. Bonslett *v.* New York Life Ins. Co. (Mo.), 190 S. W. 870. The contract limitation where the policy gives a specified time within which to make payment is usually held to run only from the date on which the postponed period expires, at which time suit may be brought. *Bankers' Health &c. Ins. Co.* v. *August, 22 Ga. App.* 158 (95 S. E. 764).

As above stated, the plaintiff was totally disabled on December 7, 1926, and had she filed proof of disability on that date, she would have had to wait until six months thereafter before she could have filed suit. There was no contractual limitation upon the time to bring suit, nor upon the time to file proof of disability. Had she filed her proof of disability on December 7, 1926, she could not have brought suit until June 7, 1927. Therefore, under the statute of limitations, the plaintiff had six years, from six months after the date of her disability, in which to file the suit against the defendant insurance company, had she filed the proof of disability on the date she became disabled. The suit was filed on April 5, 1933, which was within six years from June 7, 1927, the first date on which she could have possibly filed suit against the insurance company, had she filed her proof of disability on December 7, 1926, and which was certainly within six years from the date on which she filed the proof of disability and the company refused payment.

Applying the foregoing principles to the facts of the case, the petition set out a case for submission to the jury as to whether or not the plaintiff had waited an unreasonable length of time in making proof of disability and bringing suit upon the policy, and should be barred by laches. If the jury should determine that the

plaintiff had not waited an unreasonable time in which to file proof of disability, then certainly her action was not barred by the statute of limitations. The court therefore erred in sustaining the general demurrer to the petition and in dismissing the action.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*