26190. BANKS *v.* ÆTNA LIFE INSURANCE COMPANY.

DECIDED DECEMBER 1, 1937.

*Duke Davis, H. C. Harrison,* for plaintiff.

*Bryan, Middlebrooks & Carter, J. R. Terrell Jr.,* for defendant.

MacIntyre, J.   On October 13, 1936, Mrs. Martha Jane Banks filed suit against Ætna Life Insurance Company, to recover $500 alleged to be due her for permanent disability under a group policy of insurance issued by said company to the Tallapoosa Mills. The case is here on a bill of exceptions to a judgment sustaining certain demurrers to the petition.   The petition alleges, in part, that "on or about May 24, 1933, plaintiff submitted to defendant proofs of permanent disability, . . and that defendant received said proofs on or about May 29, 1933, at which time defendant refused to pay this claim;" that "the submitting of said proofs was the demand for payment of this claim, and that the same was not due and payable before said demand;" that said group policy was in the possession of the defendant, and it was prayed that defendant be required to produce it; that the certificate of insurance issued to the plaintiff had been lost or destroyed and could not be found after diligent search had been made for it, but that the defendant had a copy of same in its possession; and that under the terms of the insurance contract the defendant was indebted to the plaintiff in the sum of $500 for permanent disability.

In its last analysis the demurrer presents two questions, to wit: (1) Whether the action was barred by the statute of limitations; and (2) whether the action was barred by the plaintiff's laches in failing to furnish proofs of disability for a period of more than nine years from the time she was disabled.   "A contract of insurance not under seal is a simple contract; and where such a policy contains no limitation as to when suit thereon is to be filed, the general law of this State as to suits on simple contracts shall be applied thereto, and suit on the policy must be filed within six years from the time the cause of action arises." *Patrick* v. *Travelers Ins. Co.,* 51 *Ga. App.* 253 (3), 256 (180 S. E. 141).   The Code, § 3-705, declares:   "All actions upon promissory notes, bills of exchange, or other simple contracts in writing shall be brought within six years after the same shall have become due and payable." The principal difference between the contracts of insurance in this case and in *Burton* v. *Metropolitan Life Ins. Co.,* 48 *Ga. App.* 828 (173 S. E. 922) is that the policy in the latter case provided that "no amount was due under the policy until due proof had been

made to the home office of the company, and then that no amount was due and payable until six months after receipt of such due proof of total and permanent disability," while the pleadings show no such provisions in the contract under consideration. The plaintiff contends that under the allegations of her petition "the claim did not become due and payable until a demand was made on the defendant for payment," and that since this demand was not made until May 24, 1933 (more than nine years after she was disabled), and "the suit was filed on October 13, 1936, just a little over three years from the date of the demand," her action was not barred. Our view is that to hold such a contention good would be to destroy the object and purpose of the statute of limitations in cases like the one we are considering; for if the plaintiff, with the right to make her proofs of disability and demand for payment on the very day she was disabled, could without reason or excuse postpone making such proofs and demand for more than nine years from the time she was disabled, and then have six additional years within which to sue, there appears to be no valid reason why she could not have prevented the attaching of the statute of limitations to her action indefinitely, by the simple expedient of postponing making her proofs of disability and demand for payment. In the *Burton* case, supra, the court said: "In the absence of any policy provision postponing the time of payment of the insurance, the statutory period of limitation runs from the time of the insured's death, *if on such date the demand could be made payable by presenting proper proofs of death.*" To support this statement the court cited Harrison *v.* Mutual Benefit Society, 59 Kan. 29 (51 Pac. 893), and Kauz *v.* Great Council, I. O. R. M., 13 Mo. App. 341. The rule stated in the *Burton* case appears to be fair, sound, and logical, and is abundantly supported by authority. Applying it to the pleadings in this case, we are constrained to hold that the judge correctly held that the action was barred by the statute of limitations, and that he properly sustained the general demurrer to the petition.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*