27824. NORMAN *v.* SOVEREIGN CAMP WOODMEN OF THE WORLD.

458

Decided November 25, 1939. Rehearing denied December 19, 1939.

*F. Joe Turner Jr.*, for plaintiff.

*R. G. Plunkett, R. F. Scarborough, Lewis H. Fowler*, for defendants.

Stephens, P. J. Espy Norman brought an action against Sovereign Camp Woodmen of the World, alleging that the defendant was indebted to the plaintiff in the sum of $1000 with interest from March 18, 1933, and the penalty provided by law for failure in bad faith to pay when due; that the plaintiff was the beneficiary under a life-insurance policy issued on the life of his father who was a member of Camp No. 2 in South Carolina, that the policy, which was issued on June 17, 1929, provided that the defendant, a fraternal beneficiary association, "upon receipt of satisfactory proof of death of the said member while in good standing," would pay $1000 to the beneficiary under the "certificate which was issued in consideration of warranties and agreements contained in the original application therefor," and "in further consideration of the payment to the association of $3.24 for the month in which the certificate was dated, and the payment to the association of $3.24 on or before the last day of each month thereafter;" that the certificate was signed by the sovereign commander and attested by J. F. Yates, sovereign clerk; that, under a rider or indorsement on the back of the policy, the original beneficiary had been substituted by the plaintiff being made the beneficiary, the indorsement being that no change of beneficiary "designation or declaration shall take effect until indorsed on this certificate by the sovereign clerk, date indorsed, 4/29/32, beneficiary, Espy Norman, son, indorsed by J. F. Yates;" that the plaintiff's father, the insured, "deceased on March 18, 1933," that "proof of death was furnished the defendant, and demand for payment made, but defendant has failed and refused to pay or adjust said claim with petitioner." The other allegations of the petition are not material.

The defendant demurred generally to the petition on the ground that it set forth no cause of action, and on the ground that it showed on its face that the cause of action, if any, was barred by the statute of limitations. The defendant demurred on several special grounds also. The plaintiff amended the petition by alleging, among other things, that on April 15, 1933, "petitioner furnished the defendant with proof of the death of his said father, as provided for in said policy or certificate." The defendant demurred to the petition as amended, renewing all the grounds of its original demurrer, including the ground that the suit was barred by the statute of limitations, and adding other special grounds. The court passed an order sustaining all the grounds of demurrer except the special grounds attacking the allegations of bad faith, and dismissed the petition. The plaintiff excepted, and assigned as error the order of the court sustaining the demurrer and dismissing the petition.

█ It is contended by the defendant that the petition set out no cause of action because it did not show that the insured had paid the monthly premiums required by the policy, and because it did not allege that the insured was a member in good standing at the time of his death. However, it appears on the face of the petition that the association changed the beneficiary in the certificate on April 29, 1932, which was nearly three years after the certificate was issued. This is an allegation, good as against general demurrer, that the premiums were paid to the date when the beneficiary was changed. It was held in *Masonic Relief Asso.* v. *Hicks,* 47 *Ga. App.* 499 (171 S. E. 215), that "The payment of the premiums, dues, or assessments is not a condition precedent to the continuance of the policy or certificate for the life of the insured, but the condition that the policy or certificate becomes lapsed or void for nonpayment of the required payments is a condition subsequent, by which the policy becomes lapsed or void upon the condition of nonpayment of the premiums, dues, or assessments as required by the terms of the contract [citing authorities]. Whatever burden of proof, if any, rests upon the beneficiary suing on a life-insurance contract, to show payment of all premiums required to render the insured in good standing and the policy in force at the time of his death [citing authorities], the plaintiff's right to recover is established prima facie, without proof of payment of

the required premiums, on proof of possession of the policy by the plaintiff, and its introduction in evidence, and proof of all other essentials to recovery under the policy." The contract referred to was a certificate in a fraternal beneficiary association.

■ The ground of demurrer which alleged that the claim was barred by the statute of limitations is without merit. The certificate states that the association will pay the policy upon receipt of satisfactory proof of death. Thus the obligation to pay would not be complete until proof of death was furnished, and any demand on the association before that time would have been premature. Consequently the statute of limitations began to run on the date when the association received the proof of death, which date, according to the plaintiff's amendment, was April 15, 1933. The policy being a written contract, had six years to run before becoming barred. Suit was filed March 24, 1939, which was within six years from the time the statute began to run. Hence it was error to sustain this ground of demurrer. See in this connection, Code, § 3-705; *Patrick* v. *Travelers Ins. Co.*, 51 *Ga. App.* 253 (180 S. E. 141); *Burton* v. *Metropolitan Life Ins. Co.*, 48 *Ga. App.* 828 (173 S. E. 922). The case of *Banks* v. *Ætna Life Ins. Co.*, 56 *Ga. App.* 760 (194 S. E. 34), cited for the defendant is not in point.

The court erred in sustaining the demurrer and dismissing the petition.

*Judgment reversed. Sutton and Felton, JJ., concur.*