## 29944.   PRUDENTIAL INSURANCE COMPANY *v.* SAILORS.

DECIDED JULY 8, 1943.

*Spalding, Sibley, Troutman & Brock, W. K. Meadow,* for plaintiff in error. *Boyd Sloan, W. Parks Martin,* contra.

MacIntyre, J. ■ It seems to us that the general rule that a cause of action of a beneficiary in an insurance policy for money payable to him by an insurance company immediately on proof of his total and permanent disability, is within the statutory limita-

tion of six years. Code, § 3-705. On such a cause of action the statute begins to run from the day on which he could have made the demand payable by presenting proper proof of the total and permanent disability, for on that date, the beneficiary, by his own act, and in spite of the debtor (insurance company), might have made the demand payable by proper notice or proof of loss. "If an act on the part of the creditor, such as demand or notice, is necessary to complete his cause of action, such demand must be made within the statutory period for bringing the action on the contract; and if not made within that period, the action will be barred. There are exceptions to the rule, as when a delay in making demand is contemplated by the contract itself, as in case of a note to be paid on demand at any time within the payee's life." Kauz v. Great Council Imp. Order Red Men, 13 Mo. App. 341, 344. See, in this connection, *Smith v. Early*, 60 *Ga. App.* 506, 511 (3 S. E. 2d, 913) ; *Burton* v. *Metropolitan Life Ins. Co.*, 48 *Ga. App.* 828 (173 S. E. 922).

In the instant case the policy provides: "Said amount of insurance will be paid to said employee either (in one sum six months after the company has received due proof of such disability or incapacity), or [in monthly instalments during five years, the first instalment to be payable immediately upon receipt by the company of due proof of such disability or incapacity;] in accordance with the provisions of this policy. The disability benefits will be granted subject to cessation, in accordance with the provisions of the policy, should such disability or incapacity prove to be temporary and not permanent." (Parentheses and brackets ours.)

It seems to us that as to a provision like the one enclosed in brackets above, to wit: that the insurance would be paid "in monthly instalments during the first five years; the first instalment to be payable *immediately* upon receipt by the company of due proof of such disability or incapacity," the statute would begin to run from the date of the total and permanent disability, at which date the beneficiary, by his own act and in spite of the debtor (insurance company), might have made the demand payable by giving proper notice and proof of loss. (Italics ours.) "If a creditor has the means at all times of making his cause of action perfect, it would be unjust and oppressive to hold that he could postpone indefinitely the time for enforcing his claim by failing to

present it. He is really and in fact able at any time to bring an action, when he can by his own act fix the time of payment. It is no stretch of language to hold that a cause of action accrues for the purpose of setting the statute in motion as soon as the creditor by his own act, and in spite of the debtor, can make the demand payable. It may be otherwise, possibly, where delay is contemplated by the express terms of the contract, and where a speedy demand would manifestly violate its intent. But where no delay is contemplated the rule is just and reasonable." Palmer v. Palmer, 36 Mich. 487, 494 (24 Am. R. 605). Thus the foregoing provision of the policy, that the insurance is payable immediately upon proof of disability, comes under the general rule above stated, and the case of *Banks* v. *Ætna Life Insurance Co.*, 56 *Ga. App.* 760 (194 S. E. 34), is controlling. It might be noted that in the *Banks* case, supra, the court quoted with approval, the following, from *Burton* v. *Metropolitan Life Insurance Co.*, 48 *Ga. App.* 828 (173 S. E. 922): "In the absence of any policy provision postponing the time of payment of insurance, the statutory period of limitation runs from the time of the insured's death, *if on such date the demand could be made payable by presenting proper proofs of death.*" This, we think, is but a different way of stating the general rule above referred to.

As to the provision of the policy enclosed in parentheses above, to wit: "That the insurance would be payable to said employee . . in one sum six months after the company has received due proof of such disability or incapacity," the case of *Burton* v. *Metropolitan Life Insurance Co.*, supra, is in point. In that case there was a provision in the policy sued on which provided that "no amount was due under the policy until due proof had been made to the home office of the company and no amount was due and payable until six months after receipt of such due proof of total and permanent liability," and the court said: "Under the statute of limitations the plaintiff had six years, from six months after the date of her disability, in which to file the suit against the insurance company, had she filed the proof of disability on the date she became disabled."

Thus, in the instant case, by his own act, and in spite of the debtor, the plaintiff could have fixed the time of payment by submitting proof of his total and permanent disability the day he

became totally and permanently disabled, and could have thus made the demand payable in six months from the date of the disability. He really and in fact would have been able to bring an action any time after the said six months. And it seems to us proper to hold that for the purpose of setting the statute in motion a cause of action accrued at six months from the time he became totally and permanently disabled. In short, under the allegations of the petition, the plaintiff should have at least within six years and six months, brought his suit. After that period had elapsed, the insurance company had the right to claim that its promise, as contained in the provisions of the policy in question, lived no longer. Over ten years having elapsed since the disability occurred before the present suit was brought, it was barred by the statute of limitations.

The *Burton* and *Banks* cases, supra, were decided prior to *Norman* v. *Sovereign Camp Woodmen of the World*, 61 *Ga. App.* 457 (6 S. E. 2d, 157), and *Patrick* v. *Travelers Insurance Co.*, 51 *Ga. App.* 253 (180 S. E. 141), and if there are any conflicts between the earlier and the later cases, the older control and are binding upon this court.

In the case of *Jackson* v. *Southern Mutual Life Insurance Co.*, 36 *Ga.* 429, the bringing of the suit was in violation of an express provision of the contract sued on, and consequently premature, for the plaintiff could not, by any act of his, hasten the contractual time before which he could bring the suit. The creditor (the plaintiff) did not have the means at all times of making his cause of action complete or perfect. There was no act of the creditor, in spite of the debtor, by which the creditor could hasten the time at which his demand would be payable. Hence we do not think the ruling in that case conflicts in any way with the ruling in the instant case.

■ After the defendant demurred to the petition, the plaintiff filed an amendment in which he alleged: "That immediately following his disability in April, 1932, he entered Veterans Hospital No. 48, in Atlanta, Georgia, where he remained for some time and that a complete record of his illness, treatment and operation was kept by said hospital authorities, and is hereby made available to the defendant company; that upon his discharge from said hospital and after a period of convalescence, he entered the Veterans Camp

of the Civilian Conservation Corps, where he remained for several years, and his physical condition and medical treatment during that period of time is a matter of record, which records are hereby made available to said defendant company; that during the period that he was in the Veterans Hospital he was not in mental or physical condition to attend to business and that his wife put away plaintiff's papers; that plaintiff is illiterate, having only attended school to the fourth grade, and while he can read to some extent plaintiff did not have sufficient education to read and understand the terms of his insurance contract; that in the spring of 1942, while searching for receipts for a doctor's bill, he found his insurance policy, and attempted to read the same but was unable to determine from said contract what his rights were, whereupon he carried same to Mr. W. P. Martin who advised him that he was entitled to the disability benefits provided in said policy; that the defendant company has in no wise been injured by the delay in filing the proof of loss, in that the records of plaintiff's physical condition have been kept and preserved, and are available to the defendant, and no evidence pertinent to the case has become obscure or unavailable; and that his delay in filing said proof of loss was occasioned solely by his ill health, inability to attend to business, and by reason of being ignorant of his rights due to his illiteracy, and that the defendant company has in no wise been injured thereby."

"Defense of 'laches' is different from the defense of the statute of limitations, in this: that, in order to bar a remedy because of laches, there must appear, in addition to mere lapse of time, some circumstances from which the defendant or some other person may be prejudiced, or there must be such lapse of time that it may be reasonably supposed that such prejudice will occur if the remedy is allowed; whereas in the case of the statute of limitations there need be nothing more than mere lapse of time in order to constitute a bar." State v. McCracken, 91 Mont. 157 (6 P. 2d, 869). 24 Words & Phrases, 115. Thus a statute of limitation and laches are not synonymous. "A statute of limitation is the action of the state in determining that after a lapse of a specified time, a claim shall not be enforcible in a judicial proceeding." 34 Am. Jur. 15, § 3 (1). A statute of limitation signifies the fixed period [here six years] within which an action may be brought to preserve a

right, while laches signifies a delay independent of the statute. And as to the lapse of time necessary for invoking the doctrine of laches, such time may or may not correspond with the time fixed by the statute of limitation. "The defense of laches is peculiar to courts of equity." *Equitable Bldg. & Loan Asso.* v. *Brady,* 171 *Ga.* 576, 584 (156 S. E. 222). Laches, in a general sense, is neglect for an unreasonable and unexplained length of time to do that which, if done at all, by the exercise of due diligence, could have and should have been done earlier.

"If a case is one over which courts of law and courts of equity have concurrent jurisdiction, the decision is governed by the statute of limitations which is applicable to an action at law. As has been expressed, 'if a legal right gets into equity, the statute governs.'" 19 Am. Jur. 344, § 497. See, in this connection, Wilson *v.* Harper, 25 W. Va. 179.

The suit, as here brought, was an action at law, to which the defendant filed a general demurrer on two grounds: (1) That it was barred by the statute of limitations, and (2) that the plaintiff was guilty of such laches as that his claim could not be enforced in a judicial proceeding. The plaintiff sought by amendment to meet this demurrer by alleging circumstances which he contended excused or justified the delay in permitting over ten years to elapse before he brought suit on the policy. The plaintiff further alleged that the defendant had suffered no prejudice as a result of this delay. The statute of limitations after which a suit can not be brought on the policy in question is six years.

It is the general rule that the insured is chargeable with knowledge of all the conditions imposed upon him by the terms of his policy. *Harl* v. *Waldo,* 117 *Ga.* 590, 596 (43 S. E. 998). There was no trick, or device, or fraud alleged to have been used by the defendant upon the plaintiff, and the mere fact that he was illiterate, had attended school to the fourth grade only, and while he could read to some extent, did not have sufficient education to read and understand the terms of his contract, would not relieve him of the obligation to know all of the conditions imposed by the terms of the policy. *Equitable Life Assurance Society* v. *Adams,* 56 *Ga. App.* 5 (192 S. E. 90); *Mutual Benefit Health &c. Association* v. *Hulme,* 57 *Ga. App.* 876 (197 S. E. 85).

The petition alleges that "immediately following his disability,

in April, 1932, he entered a hospital where he remained for some time, and that a complete record of his illness and treatment was kept by said hospital, and that it is hereby made available to the defendant company; that during the period the plaintiff was in the hospital he was not in a mental or physical condition to attend to business; that after his discharge from the hospital, he entered the Civilian Conservation Corps, where he remained for several years." While the petition alleges that he was in the hospital for "some-time", and that during that time he was not in condition to attend to business, it is not alleged whether he was in the hospital two weeks, two months, or two years. The allegations of the petition as a whole do not appear to us to be specific enough to show that, even if his mental condition was such "that he could not attend to business," such incapacity was for such a length of time as to toll the statute of limitations and take the case out of the operation of such statute.

We think that the first ground of the general demurrer is good, and that the statute of limitations is good as to count 1 of the petition. Therefore, it is needless to discuss the demurrer based upon the doctrine of laches. We hold, therefore, that count 1 of the petition is barred by the statute of limitations.

Count 2 of the petition is identical with count 1 except that, in lieu of proof of the claim, the plaintiff relies on an alleged waiver of proof, which he contends arose on June 11, 1942, by the refusal of the insurance company to pay the claim. June 11, 1942, was more than ten years from the day on which the plaintiff could have made his demand payable by presenting proper proof of total and permanent disability. Applying the rules of law stated in the second division of this opinion, such refusal, to have the effect of a waiver, must have been made before the expiration of the time within which the insured had to furnish proof. A refusal to pay after the time for making proof has expired is not a waiver of proof. *Harp* v. *Fireman's Fund Insurance Co.*, 130 *Ga.* 726, 730 (61 S. E. 704); *National Life Insurance Co.* v. *Jackson*, 18 *Ga. App.* 494 (89 S. E. 633); *Patrick* v. *Travelers Insurance Co.*, 51 *Ga. App.* 253 (180 S. E. 141).

We therefore hold that count 2 of the petition is barred by the statute of limitations, and that the court erred in not sustaining the demurrer to the petition as a whole and to both counts 1 and

2, for the reason that the suit was barred by the statute of limitations.

*Judgment reversed.* *Broyles, C. J., and Gardner, J., concur.*