68991. LESTER v. AETNA LIFE INSURANCE COMPANY et al.
(323 SE2d 655)

DEEN, Presiding Judge.

On August 28, 1983, the appellant, Ronald Lester, commenced this action against the appellees, Aetna Life Insurance Company (Aetna), First National Bank of Atlanta (FNB), and Citizens & Southern National Bank (C & S), seeking recovery of proceeds of certain insurance policies issued by Aetna insuring the appellant's father, who died on May 23, 1963. Lester appeals from the trial court's grant of summary judgment for the appellees on the basis that the action was barred by the applicable statute of limitations.

The record shows that effective October 17, 1955, the appellant's father, as an employee of the Atlanta Clearing House Association, was covered under a group term life insurance policy (and a policy rider covering accidental death and dismemberment) issued by Aetna to FNB. The appellant's mother was the named beneficiary. The Atlanta Clearing House Association dissolved some time in 1961, and upon that dissolution the appellant's father was either transferred to or hired anew by C & S; it is unclear from the record whether the appellant's father actually was covered under a group term policy after the dissolution and at the time of his death.

In any event, it does not appear that the appellant's mother ever filed a claim as beneficiary under the alleged policies. The appellant had not discovered the insurance certificate and rider until his mother's death on May 1, 1983. *Held*:

OCGA § 9-3-24 provides that all actions on simple contracts in writing must be brought within six years from the time the cause of action arises. "A contract of insurance not executed under seal is a simple contract in writing, and where no contractual limitations are contained therein as to the time when an action on the policy shall be brought, the statute of limitations applicable to simple contracts in writing applies." *Burton v. Metro. Life Ins. Co.*, 48 Ga. App. 828 (173 SE 922) (1934); accord *Banks v. Aetna Life Ins. Co.*, 56 Ga. App. 760, 761 (194 SE 34) (1937); *Patrick v. Travelers' Ins. Co.*, 51 Ga. App. 253 (180 SE 141) (1935).

In the instant case, the appellant commenced this action over twenty years after the cause of action, if any, arose, and he neither alleged nor presented any evidence to the court below that the contract of insurance was under seal (which would entail a twenty-year statute of limitations under OCGA § 9-3-23). Under these circumstances, the trial court properly applied the six-year limitations period applicable to simple contracts in writing, and concluded that the action was barred. The appellant may not create an issue of fact as to whether the contract was a sealed instrument or a simple contract, merely by asserting, for the first time on appeal, that there was no evidence that the contract of insurance was not under seal.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 15, 1984 —
REHEARING DENIED OCTOBER 30, 1984 ■

Ronald Lester, *pro se.*
*Charles W. McGrady, Robin K. Warren, Stephen F. Dermer,*

*Tommy Holland,* for appellees.