[No. 36369. En Banc. March 7, 1963.]

W. R. STUART, *as Guardian ad Litem, Appellant,* v. EAST VALLEY CONSOLIDATED SCHOOL DISTRICT NO. 361, *Respondent.*\*

\*Reported in 379 P. (2d) 369.

*Jack Dibblee* and *Norman S. Johnson*, for appellant.

*John D. MacGillivray* and *Harvey W. Clarke*, for respondent.

ROSELLINI, J.—The plaintiff, as guardian ad litem for his minor son, brought this action to recover damages for injuries which the boy sustained when he thrust his hand and arm through a glass pane in a door of a school building operated and maintained by the defendant.

A motion for summary judgment, served and filed by the defendant, was heard on affidavits of the superintendent and the clerk of the school district (stating that no claim had been filed with the governing body of the school district, as required by RCW 53.52.010-020), on the affidavit of an attorney for the plaintiff (stating that he had presented such a claim), and on the deposition of the attorney.

The deposition revealed that the attorney had spoken with the principal of the school and the superintendent of the district at one time, when he went to the school with the plaintiff and his son to examine the scene of the accident, and had told them that he felt there was negligence on the part of the school district. He asked whether there was insurance, and the principal or his secretary made notes of certain information concerning the accident, which the principal indicated he needed to make a report. He did not state to whom the report was to be made, and there was no evidence that one was ever made to the governing body of the school district. The attorney did not request that the principal file a claim on behalf of the plaintiff. He did state that a claim would be presented, but no written claim was ever presented or filed.

The trial court dismissed the action, finding that the requirement of the statute had not been complied with and overruling the contention of the plaintiff that Laws of 1957, chapter 224, §§ 10 and 11 (RCW 53.52.010-020) con-

travene the provisions of Art. 2, § 19, of the state constitution.

Error is assigned to these rulings of the trial court.

It is the first contention of the plaintiff that a claim was filed. Section 10 of the act provides:

"As used in section 11 the term 'district' includes all municipal corporations having a governing body, such as port, school, independent highway, water, fire protection, sewer, public utility, and all other districts of similar organization but does not include any city, town, county, or township."

Section 11 provides:

"All claims for damages against any district as defined in section 10 must be presented to the governing body of such district and filed with the clerk or proper officer thereof within one year from the date the damage occurred or the injury was sustained or such claim shall be disallowed."

Compliance with these provisions is mandatory and constitutes a condition precedent to maintaining an action, by or on behalf of a minor, for damages for injuries sustained as a result of the negligence of the school district. *Kelleher v. Ephrata School Dist. No. 165,* 56 Wn. (2d) 866, 355 P. (2d) 989. As we remarked in that case, the reason why this is so is that the functions of a school district are mainly governmental, and it would not be liable at common law for injuries resulting from negligence in the operation of its schools. An injured party's action is dependent upon statutory enactments, and where a right exists only by virtue of a statute, the right is subject to such conditions as the legislature may impose.

Under the appropriate definition of the verb "file," in Webster's New Twentieth Century Dictionary, 1960 ed., we find the following:

"1. to arrange, as papers, documents, manuscripts, etc., in order for reference and for preservation.

"2. to put (a paper, etc.) in its proper place or order.

"3. in law, to place (a legal document) on public record, or among the records of a court."

■ There is no definition which would permit a conclusion that an oral notice can be filed. The requirement that a claim must be filed necessarily involves a requirement that it be put in writing. Had the statute merely required that notice be given, it could perhaps be successfully argued that the discussion among the plaintiff, his attorney, the principal, and the superintendent was sufficient to satisfy its requirement. But the statute clearly requires the formality of a written claim. Consequently, the trial court did not err in holding that no claim was filed by the plaintiff. Having determined that a writing is necessary, we need not consider whether the notice given by the plaintiff, had it been in writing, would have been sufficient.

There remains the question of the constitutionality of the act.

Article 2, § 19, of the state constitution provides:

"No bill shall embrace more than one subject, and that shall be expressed in the title."

The title of Laws of 1957, chapter 224, is as follows:

"An Act relating to municipal corporations; and amending section 36, chapter 241, Laws of 1907 and RCW 35.23.340, and section 1, chapter 83, Laws of 1909 and RCW 35.31.010, and section 1, chapter 96, Laws of 1917 and RCW 35.31.020, and section 2, chapter 148, Laws of 1915 and RCW 35.31.040; and amending section 1, chapter 121, Laws of 1893 and RCW 36.32.330, and section 1, chapter 149, Laws of 1919 and RCW 36.45.010, 36.45.020 and 36.45.030."

■ The plaintiff does not suggest that school districts are not municipal corporations, or that an act pertaining to municipal corporations generally could not provide for the filing of claims against school districts. But it is his position that, because all of the acts amended by chapter 224 relate only to cities and counties, the title of this act must be construed as restricted to cities and counties also.

He cites a number of authorities which hold that the subject matter of an amendatory act must be germane to the title of the original act, unless the title of the original act can be and is amended without violating the rule

against dual subject matter. He does not contend that the amendatory portions of the act are not germane to the title of the acts which they amend; and chapter 224, Laws of 1957, is not merely an amendatory act but is also an original act. Sections 10 and 11 are not amendatory of earlier acts but are new laws. The title of this act is broad enough to include them.

The plaintiff cites no authority supporting his contention that the subject, "municipal corporations," is restricted by the reference to the acts which are to be amended. There would be possible merit in his thesis if the title read: "An Act relating to municipal corporations: amending, etc." In such a case, it might be successfully contended that the matter following the colon was explanatory of the phrase which preceded it and therefore restrictive. But here, we have the semicolon followed by the conjunction "and," indicating that the matter following the semicolon is not restrictive, but supplementary. It is clear from the title that the act has two purposes: (1) to amend prior laws pertaining to municipal corporations, and (2) to enact new laws pertaining to municipal corporations. This is precisely what is done in the body of the act. All of the provisions contained in chapter 224 are germane to the subject of municipal corporations.

The trial court correctly held that the act is not open to the constitutional objection raised by the plaintiff.

The judgment is affirmed.

ALL CONCUR.

---

April 15, 1963. Petition for rehearing denied.