[No. 39890.  En Banc.  December 24, 1969.]

V. DEAN BARTELSON, *as Guardian, Appellant,* v. PUYALLUP SCHOOL DISTRICT, *Respondent.*[*]

*David L. Jamieson,* for appellant.

*Johnson & Burgess,* by *F. Ross Burgess,* for respondent.

PER CURIAM.†—February 8, 1966, Debra Bartelson, a minor, was injured on school premises while attending

*Reported in 462 P.2d 912.

†Justice Neill did not participate in the consideration of this case.

school. No claim for damages was filed upon her behalf against the school district. April 13, 1967, plaintiff commenced this action against the district, alleging that its negligence was the cause of Debra's injury.

Thereafter, May 3, 1967, defendant moved to dismiss the action on the ground that plaintiff had failed to comply with the mandate of RCW 53.52.020:[1]

> All claims for damages against any district as defined in RCW 53.52.010 must be presented to the governing body of such district and filed with the clerk or proper officer thereof within one year from the date the damage occurred or the injury was sustained or such claim shall be disallowed.

The term "district" as used therein included school districts. RCW 53.52.010. Defendant's motion to dismiss was granted and plaintiff appeals from that order.

It is first argued that the claim statute involved, RCW 53.52, was incorrectly codified by the Statute Law Committee under the title "Port Districts" and for that reason should not be applicable to plaintiff's claim against a school district. Plaintiff alleges that his search of the Revised Code of Washington within 1 year after the alleged injury failed to reveal to him the existence of the claim statute because it was not codified under the title "Municipal Corporations" or "School Districts" as he claims it should have been. Because of the improper codification he argues that the motion to dismiss the complaint should not have been granted. We do not agree.

During the period of time appropriate hereto, under the entitlement "Schools and School Districts", the entry "Claims against, time limitation for filing damage claims 53.52.020" appeared in the Revised Code of Washington General Index, 1965 Supp., at 171. And under Title 28, Public Schools and Colleges (Digest—p2) there appeared: "Claims against, generally: Ch. 53.52." A better examination of the code by the plaintiff would have disclosed the existence of the claim statute.

---

[1]Repealed by Laws of 1967, ch. 164, § 16; but see RCW 4.96.

In *Stuart v. East Valley Consol. School Dist. 361*, 61 Wn.2d 571, 573, 379 P.2d 369 (1963) we considered the necessity of complying with the provisions of RCW 53.52.010, .020 and said:

> Compliance with these provisions is mandatory and constitutes a condition precedent to maintaining an action, by or on behalf of a minor, for damages for injuries sustained as a result of the negligence of the school district. . . . [T]he reason why this is so is that the functions of a school district are mainly governmental, and it would not be liable at common law for injuries resulting from negligence in the operation of its schools. An injured party's action is dependent upon statutory enactments, and where a right exists only by virtue of a statute, the right is subject to such conditions as the legislature may impose.

We are still of the same mind. Compliance is mandatory.

It is then argued that Laws of 1957, ch. 224, §§ 10 and 11 (RCW 53.52.010, .020) contravene the provisions of article 2, section 19 of the state constitution, which provides that "No bill shall embrace more than one subject, and that shall be expressed in the title." While plaintiff's argument differs somewhat from the argument advanced by appellant in *Stuart v. East Valley Consol. School Dist. 361, supra*, when it was urged that the bill under consideration here contained more than one subject, nonetheless we rejected the argument of unconstitutionality in *Stuart* and do so again now.

And finally, it is urged that Debra, because she is a minor, is excused from filing her claim against the school district as otherwise required by RCW 53.52.020. In *Kelleher v. Ephrata School Dist. 165*, 56 Wn.2d 866, 868, 355 P.2d 989 (1960) we said:

> Generally speaking, the requirement that a claim be filed within a limited period is applicable to minors and others under disability, except as the legislature may relax the requirements for their benefit.

The legislature has not seen fit to relax the requirement.

The judgment of dismissal is affirmed.