ALICE, WADE CITY & C. C. TELEPHONE COMPANY v.
W. A. BILLINGSLEY.

Decided November 11, 1903.

.1.—Telephone Companies—Poles—Damages.

Telegraph and telephone companies are authorized by statute, in this State, to set poles upon or across the public streets in such manner as not to incommode the public in the use of such streets, and this authority carries with it liability for damages arising from the placing of such poles in such manner as to cause injury to a traveler not guilty of contributory negligence.

2.—Same—Proximate Cause—Negligence—Burden of Proof.

It is immaterial whether the failure of a telephone company to set its poles on a public street in such a manner as not to incommode the public be deemed negligence per se or negligence in its ordinary form; it becomes a question for the jury to determine whether there was such a failure. If there was, the company would be liable for such injuries to travelers along the street as are proximately caused by such failure. Defending under the statute it would devolve upon the company to bring itself within its terms.

3.—Same.

The proximate cause of an event must be understood to be that which, in a natural and continuous sequence, unbroken by any new, independent cause produces that event, and without which that event would not have occurred. Note the opinion for an elaboration of the principle, and the holding that the pole as placed in this instance was the proximate cause of the collision resulting in injury.

.4.—Same—Contributory Negligence.

Contributory negligence is an issue for the jury. That the plaintiff knew of the situation of the pole with reference to two fence posts when she undertook to drive her buggy between them would not constitute contributory negligence per se.

Appeal from the District Court of Bee. Tried below before Hon. James C. Wilson.

*J. C. Scott* and *W. W. Dodd,* for appellant.

*John C. Beasley, Nat Parks,* and *Daugherty & Daugherty,* for appellee.

NEILL, ASSOCIATE JUSTICE.—This suit was brought by the appellee to recover damages for personal injuries sustained by his wife in being thrown from a buggy by reason of appellant's negligence in obstructing one of the streets of Beeville by placing and maintaining a telephone pole therein, and thereby rendering it unsafe and dangerous to persons in its legitimate use.

The appellant, after interposing a general demurrer and a number of special exceptions to appellee's petition, answered by a general denial; a plea of its authorization, as a telephone company, to place its poles along the public streets of Beeville, and that the pole against which the buggy collided was placed where it would not interfere with the free and safe use of the streets by the public; and by a plea of contributory negligence.

After the general demurrer and special exceptions to appellee's petition were overruled, the parties went to trial before a jury and a verdict

was returned upon which judgment for $1000 was rendered in favor of appellee.

*Conclusions of Fact.*—In the northwestern part of the town of Beeville, avenue D and Walton street run diagonally and intersect, the one with the other. The first named street is fifty and the second thirty feet wide. On the east and west lines of avenue D, south and north of its intersection with Walton, are constructed substantial fences. On the north and south lines of Walton, east and west of its intersection with avenue D, are erected like fences. At the intersection of the streets where the fence along the north line of Walton joins the fence along the east line of avenue D are two large posts.

The two streets so fenced have continuously, for fifteen years, been used as public thoroughfares. During that time, in the use of the streets by the public, the main travel was around and close to the point of intersection with the north line of Walton with the east line of avenue D, such being the shortest route.

With knowledge of the facts stated, the appellant, prior to the summer of 1900, set one of its telephone poles, firmly implanted in the ground, in Walton street and avenue D, at a distance of nine and one-half feet from the intersection of said streets, leaving a passage way that distance in width between the pole and the two posts on the corner of the street, which post was maintained by appellant at said place at the time of the accident hereinafter mentioned in these conclusions occurred. The pole, considering the position it occupied, constituted an undue obstruction in the legitimate use of said streets by the public, and rendered it dangerous to persons traveling in vehicles in turning down avenue D south to Walton street east.

On the 23d day of August, 1900, appellee's wife, Mattie Billingsley, undertook to drive a buggy, drawn by a safe and gentle horse, down avenue D to the south and turn down Walton street to the east, and while in the exercise of ordinary care, following that part of the street mostly traveled, just as the buggy was between the place where the two fence posts stood on the corner and the telephone pole set at a distance of nine and one-half feet therefrom, the horse, to nip a fly that was pestering him, suddenly threw his head to one side, and caused the right fore wheel of the buggy to collide with said telephone pole with such force and violence as to throw Mrs. Billingsley over the dashboard of the buggy onto the ground with such force as to painfully and seriously injure her.

From these facts we conclude (1) that appellant was guilty of negligence in erecting and maintaining the telephone pole where it did; (2) that such negligence was the proximate cause of the injuries sustained by appellee's wife; (3) that she was guilty of no negligence proximately contributing to her injury; and (4) that by reason of appellant's negligence appellee was damaged in the sum found by the verdict.

*Conclusions of Law.*—The foregoing facts, upon which the conclusions are found, were specifically alleged in appellee's petition. If therefore, they constitute a cause of action, it follows that the petition was not subject to the exceptions urged against it; and, if we are correct in finding such facts were proven, and in the deduction of the conclusions from them, it also follows that the judgment should not be disturbed upon appellant's contention that it is not supported by the law and evidence. Therefore, we will enunciate the law deemed applicable to the facts plead and proven, and when this is done, we think it will be demonstrated that appellee stated and proved a good cause of action.

Poles erected in a highway without authority of law are nuisances, and one sustaining damages, special and apart from what the public in general sustain, by reason thereof, may maintain an action against him who maintains such a nuisance. Keasby on Elec. Wires, sec. 60; Webb's Pollock on Torts, 487. But in this State, telegraph corporations (which includes telephone companies) are authorized by statute to set their poles upon and across any of the public streets in this State, in such a manner as not to incommode the public in the use of such streets. Rev. Stats., art. 698. Where the privilege of using streets for telegraph and electric lines is, as in this State, subject to the condition that the poles shall be so placed as not to incommode the public, courts are inclined to construe the right granted as subject to the implied condition that the poles shall not be so located as to be dangerous. Keasby on Elec. Wires, sec. 62. So, where a telegraph or telephone company has erected poles in dangerous proximity to the traveled portion of the highway, and a traveler in a vehicle, while in the exercise of due care and vigilance, is injured by contact therewith, the company will be liable for the injury, and it has even been held that a municipality which directs or permits the maintenance of a pole in such a dangerous locality will be liable jointly with the company. Joyce on Elec. Law, sec. 605; Thomp. on Neg., sec. 1233; Cleveland v. Bangor, 32 Atl. Rep., 892; 47 Am. St. Rep., 326. A telegraph or telephone company, in the exercise of the right accorded it by the statute referred to, is bound to use reasonable care in the construction and maintenance of its poles, so that travelers along such streets, in the exercise of ordinary care, shall not be discommoded or injured by coming in collision with them (Thomp. on Neg., sec. 1236), and whether it has used such care is a question of fact for the jury.

It makes no difference whether the failure of a telephone company, in the exercise of a right given by statute to set its poles on a public street in such a manner as not to incommode the public, be deemed negligence per se or negligence in its ordinary form, for however considered; it is a question for the jury to determine from all the evidence whether there was such a failure on the part of the company. If there were, the company would be liable for such injuries to travelers along the street as are proximately caused from such failure. In the absence of statutory authority, the erection and maintenance of its poles in a public

thoroughfare by a telephone company would be a nuisance, for the right of the company to place them there would not exist. So it would seem that where one undertakes to defend such act under the statute, it is for him to show that he brought himself within its terms. And unless he proves that they were placed in such a manner as not to discommode the public in the use of the streets, there is a failure of such proof on his part. Wolfe v. Erie Tel. and Tel. Co., 33 Fed. Rep., 320; Shearm. & Redf. on Neg., sec. 13.

The appellant having erected the telephone pole in dangerous proximity to the main traveled portion of the street, it follows from the principles of law stated, that it is liable for the injuries inflicted if its location there was the proximate cause of the collision, and there was no negligence on the part of Mrs. Billingsley contributing thereto.

"The proximate cause of an event must be understood to be that which in a natural and continuous sequence, unbroken by any new, independent cause, produces that event, and without which that event would not have occurred." Shearm. & Redf. on Neg., sec. 26; Gonzales v. Galveston, 84 Texas, 3.

"Where there is negligence, and injury flowing from it, and there is also an intermediate cause, disconnected from the negligence, and the operation of this cause produces the injury, the person guilty of the negligence can not be held responsible for the injury. The inquiry must be whether there was any intermediate cause disconnected from the primary fault, and self-operating, which produced the injury. * * * Intervening agencies sometimes interrupt the current of responsible connection between negligent acts and injuries, but as a rule these agencies, in order to accomplish such result, must entirely supersede the original culpable act, and be in themselves responsible for the injury, and it must be of such a character that they could not have been foreseen or anticipated by the wrongdoer. If it required both agencies to produce the result, or if both contributed thereto as concurrent forces, the presence and assistance of one will not exculpate the other, because it would still be the efficient cause of the injury. The intermediate cause must supersede the original wrongful act or omission, and be sufficient of itself to stand as the cause of the plaintiff's injury, to relieve the original wrongdoer from liability. 'One of the most valuable of the criteria furnished us by the authorities is to ascertain whether any new force has intervened between the fact accomplished and the alleged cause. If a new force of power has intervened of itself sufficient as the cause of the misfortune, the other must be considered too remote.' * * * The new force of power here would have been harmless but for the displaced wire, and the fact that the wire took on a new force with the creation of which the company was not responsible, yet it contributed no less directly to the injury on that account." Ahern v. Telegraph Co., 22 Law. Rep. Ann., 640; Wehner v. Lagerfelt, 27 Texas Civ. App., 524.

It must therefore be held that dangerous proximity of the pole to the

main traveled part of the street was, and not the momentary swerving of the horse, the proximate cause of the collision, which resulted in the injury to Mrs. Billingsley. · City of San Antonio v. Porter, 24 Texas Civ. App., 444, 59 S. W. Rep., 923; Eads v. City of Marshall, 29 S. W. Rep., 171; 1 Shearm. & Redf., p. 593; 1 Thomp. on Neg., last ed., sec, 93; Cleveland v. Bangor Railway Co., 32 Atl. Rep., 892.

The question of contributory negligence was one for the jury. Although Mrs. Billingsley was aware of the situation of the pole, such knowledge did not constitute her undertaking to drive along the road between it and the two fence posts at the corner negligence per se. Beach on Con. Neg., sec. 247; 15 Am. and Eng. Enc. of Law, 2 ed., 468; City of Denison v. Sanford, 21 S. W. Rep., 785; Kelly v. Railway Co., 9 N. W. Rep., 588; Maus v. City of Springfield, 14 S. W. Rep., 630; City of Lincoln v. Power, 151 U. S., 436; Cleveland v. Bangor Railway Co., supra. Nor did the fact that she might have driven on the other side of the street charge her with such negligence. City of San Antonio v. Porter, supra; Ball v. City of El Paso, 23 S. W. Rep., 835; McKeigue v. City of Janesville, 31 N. W. Rep., 299; Walker v. Decatur Company, 25 N. W. Rep., 257; Shearm. & Redf. on Neg., sec. 376, and cases cited under note 9.

All questions raised by assignments of error not disposed of by what we have said have been carefully considered, and we think none present such an error as would require a reversal of the judgment. It is therefore affirmed.

*Affirmed.*

Writ of error refused.