**CITY OF ABILENE, Appellant,**

v.

**Ava N. FILLMON, Appellee.**

No. 3601.

Court of Civil Appeals of Texas.

Eastland.

Dec. 2, 1960.

Rehearing Denied Jan. 13, 1961.

J. Neil Daniel, Abilene, for appellant.

Jack M. Yates, Abilene, for appellee.

COLLINGS, Justice.

Mrs. Ava N. Fillmon brought this suit for damages against the City of Abilene. Plaintiff alleged that she sustained serious personal injuries as a result of a fall in the alley back of her house while fleeing from wasps which attacked her as she was attempting to repair her back fence. She alleged that the city was guilty of negligence in constructing, maintaining and allowing a ridge of dirt to remain at the edge of the improved portion of the alley; that in attempting to escape from the wasps she fell across the ridge and broke her hip, and that the negligence of the city was the proximate cause of her injuries. The case was tried before a jury and based upon the verdict, judgment was rendered for the plaintiff in the sum of $4,650. The City of Abilene has appealed.

Points of error urged by appellant are that the court erred in overruling its motion for summary judgment because (1) the claim and notice of injury filed by appellee was insufficient; that the judgment should be reversed and rendered for appellant because (2) there was a material variance between the notice filed by appellee and the facts she alleged and proved at the trial, and (3) there was no evidence of probative force to support the findings of the jury that appellant was guilty of negligence proximately causing appellee's injuries.

Appellant also urges (4) that the evidence was insufficient to support the findings of the jury.

Chapter 30, section 31-1 of the code of the City of Abilene provides:

Notice, Within Thirty Days.

"Before the City of Abilene shall be liable for personal injuries of any kind, the person injured or someone in his behalf shall give the Mayor or the Board of Commissioners of said City notice in writing of such injury within thirty days after the same has been sustained, stating specifically in such notice when, where and how the injury occurred, and the apparent extent thereof, and the failure to so notify the City within the time and manner specified shall exonerate, excuse, and exempt the City from all liability whatsoever."

Appellee's injury occurred on August 6, 1957. Less than 30 days later on August 24, 1957, appellee filed notice with the city in the form of a letter substantially as follows:

"I live at 1209 Cedar Street here in the City of Abilene and on the 6th of August of this year, I went out in my alley to see about what the City employees were doing.

"When I got out in the alley, I stumbled over a high furrow that the city employees had left after going down the alley with a blade. The fall caused me to break my hip and I am presently in St Ann's hospital with doctor's bills and hospital bills piling up that I am wholly unable to pay. * * *"

Mrs. Fillmon's notice to the City of Abilene was in writing and delivered to the Mayor and Commissioners as provided by the code. It advised the city when, where and how her injury occurred and the apparent nature and extent of her injury. The notice advised the city that her injury occurred (1) on August 6, 1957, (2) "in my alley", (3) that she "stumbled over a high furrow that the city employees had left after going down the alley with a blade", and that the fall caused her to break her hip and to incur extensive medical and hospital expenses. The notice of injury delivered to the city was in substantial compliance with the city code and we overrule appellant's contention that it was insufficient as a matter of law.

Appellant also urges that there was a material variance between the notice of injury received by the city and the facts alleged and proved by Mrs. Fillmon. The variance relied upon by appellant is that Mrs. Fillmon stated in her notice that she sustained a fall and was injured by stumbling over "a high furrow" in her alley "that the city employees left after going down the alley with a blade", while she alleged in her petition that she either slipped or tripped on a "ridge" in the alley, and that she and her witnesses by their testimony described the condition of the alley which caused her fall and injury as a "ridge, levee, knoll or embankment". In our opinion this contention is not well taken. There is no material difference between a "ridge" and a "high furrow" left by the blade of a road grader. A description of the defect causing injury is not by specific language required to be included in the notice provided for by the code of the City of Abilene. The necessity for the description of such defect was by reason of the requirement for a statement of "how the injury occurred". The statement of how the injury occurred was with sufficient accuracy to give the city ample opportunity to investigate the accident while the facts were fresh and conditions were substantially the same. This is the purpose of notice requirements such as here involved. The variation in the facts as described in the notice of injury and as shown in appellee's allegations and proof is not of a material nature. Actually there is no variance at all but the same thing is said in different words

which have substantially the same meaning. The variance is not of such a nature as to handicap the city in the defense of a case against it or to deprive the city of any of the benefits contemplated by Chapter 30, section 31-1 of the code.

We next consider points bearing upon the questions of whether there is any evidence and whether the evidence is sufficient to support the findings that appellant was guilty of negligence proximately causing Mrs. Fillmon's fall and resulting injury. The jury found that there was a caliche or gravel ridge in the alley, that Mrs. Fillmon tripped on or fell across it, that she thereby received injuries, that appellant knew or in the exercise of ordinary care should have known of the ridge, that appellant was guilty of negligence in allowing the ridge to remain in the alley and that such negligence was a proximate cause of Mrs. Fillmon's injury.

The evidence shows that Mrs. Fillmon did fall and sustain injury in the alley at the rear of her home. The alley was 20 feet wide, dedicated, accepted and for many years used by adjacent property owners and the public, and has been continuously supervised and maintained by the City of Abilene. For some time prior to Mrs. Fillmon's injury in August of 1957 the alley had been partially hard surfaced with gravel or caliche. Utility lines for water, gas, electricity and telephone were in the alley and also gas and water heaters. Ordinances required all occupants of buildings in the city to deposit their trash and garbage in receptacles at alley entrances.

There was ample evidence that there was a "ridge" or "furrow" in the alley behind Mrs. Fillmon's property which ran approximately the full length of the alley and about two or two and a half feet from the fence at the rear of appellee's lot. The ridge was described by witnesses as being about 12 to 14 inches high, about 2 feet wide at the bottom and 4 to 6 inches wide at the top. Pictures taken two or three days after the accident were introduced in evidence and substantially corroborated the description given by the witnesses.

There was ample evidence that the city had knowledge, or in the exercise of ordinary care should have known, of the existence of the ridge. The effect of Mrs. Fillmon's testimony was that the ridge had been there for several months. The existence of some weeds on the ridge as indicated by the testimony of witnesses and the pictures corroborated Mrs. Fillmon's testimony. Mrs. Fillmon also testified that she had seen the city's grader working in the alley, which indicated both the means by which the ridge came to be there and the knowledge of its existence. A letter from the attorney representing the city to Mrs. Fillmon was also material on this question in that it was stated in the letter that "the hump seems to be a minor result of the city's grading the alley".

A municipality as a general rule has the duty to exercise ordinary care to so construct and maintain its public ways as to render them reasonably safe for ordinary travel. City of Houston v. Quinones, 142 Tex. 282, 177 S.W.2d 259; City of Dallas v. Maxwell, Tex.Com.App., 248 S.W. 667, 27 A.L.R. 927; City of Waco v. Fenter, Tex.Civ.App., 132 S.W.2d 636 (Writ Ref.). This duty to exercise reasonable care in the construction and maintenance of the public ways of a city and the liability for failing to fulfill the duty includes both streets and alleys. McQuillin on Municipal Corporations, Vol. 19, page 140. An obstruction or defect on a street or alley negligently and knowingly constructed and permitted to remain upon the passageway which is dangerous and results in injury is a basis for liability on the part of the municipality. City of Grandview v. Ingle, Tex.Civ.App., 90 S.W.2d 855 (Writ Dis.). The duty on the part of a municipality to maintain its streets and alleys in a reasonably safe condition for ordinary travel is to the public generally and included and extended to appellee, Mrs. Fillmon. We cannot agree with appellant's contention, in effect, that appellee, prior

to the time of her injury, was not using the alley for "ordinary travel" because she was allegedly outside the generally traveled portion thereof and was in that part of the alley between her fence and the furrow or ridge in question; and that appellant therefore owed her no duty. Appellee was in the alley for the purpose of repairing her fence. This was a proper use of the alley, and required her use of that part of the alley which she was then using. This was a use included in the term "ordinary travel" and appellant had the duty to maintain the alley in a safe condition for such travel or use.

■ In our opinion the evidence in the instant case concerning the existence of the ridge or high furrow in the alley behind Mrs. Fillmon's property presented an issue of fact on the question of negligence. The evidence tended to show that the ridge constituted an unsafe condition in the alley and that Mrs. Fillmon in a proper and ordinary use of the alley received her injury when she either slipped or stumbled and fell on the ridge. The jury found that the city was guilty of negligence in allowing the ridge to remain in the alley and the finding was amply supported by the evidence.

We are likewise unable to agree with appellant's contention that there was no evidence or, in any event, that the evidence was wholly insufficient to support the finding of the jury that its negligence was a proximate cause of Mrs. Fillmon's injury. Mrs. Fillmon testified that she either slipped or stumbled and fell on or across the ridge. She stated "I slipped as I attempted to go over that in a kind of stumbling position and hit right on my hip with my face down over that and my hands across the levee." As a result of the fall Mrs. Fillmon's hip was broken when it struck the ridge.

■ Appellant City of Abilene particularly contends that the evidence does not support the finding that its negligence was the proximate cause of appellee's injury because of the absence of the element of foreseeability. Appellant urges that it should not be required to have foreseen that a band of stinging wasps would cause appellee to take sudden flight and fall over the ridge and injure herself. We cannot agree with this contention. The rule of foreseeability as applied to the law of negligence and proximate cause does not require anticipation of the full details of an accident. As stated in 65 C.J.S. Negligence § 109, pages 670, 671, 672:

"* * * In order to render a negligent act or omission the proximate cause of the injury, it is sufficient if the wrongdoer by the exercise of ordinary or reasonable care could reasonably have foreseen or anticipated that a generally dangerous result, or some injury, or an injury of the same general nature as, or similar to, that which actually occurred, might occur."

The facts of the instant case are somewhat comparable to those in the case of Alice, Wade City & C. C. Telephone Company v. Billingsley, 33 Tex.Civ.App. 452, 77 S.W. 255, 257 (Writ Ref.). In the cited case the plaintiff sued the telephone company alleging that it had negligently erected and maintained one of its poles in the traveled portion of a street; that plaintiff's wife drove a horse and buggy along the street and as the buggy was passing the telephone pole the horse threw its head to one side to drive away a fly, which caused a wheel of the buggy to collide with the telephone pole thereby throwing plaintiff's wife to the ground and injuring her. The appellate court affirmed the judgment in favor of the plaintiff and held against the defendant's contention that the action of the horse or of the fly in bothering the horse was the proximate cause of the plaintiff's injuries rather than the location of the telephone pole. In discussing the question the court stated as follows:

"If it required both agencies to produce the result, or if both contributed thereto as concurrent forces, the presence and assistance of one will not exculpate the other, because it would

still be the efficient cause of the injury. The intermediate cause must supersede the original wrongful act or omission, and be sufficient of itself to stand as the cause of the plaintiff's injury, to relieve the original wrongdoer from liability."

Also see City of San Antonio v. Porter, 24 Tex.Civ.App. 444, 59 S.W. 922 (Writ Ref.); Eads v. City of Marshall, Tex.Civ. App., 29 S.W. 170; McAfee v. Travis Gas Corporation, 137 Tex. 314, 153 S.W.2d 442, 447. In the last-cited case it was held by our Supreme Court as follows:

"The intervention of an unforeseen and unexpected cause is not sufficient to relieve a wrongdoer from consequences of negligence, if such negligence directly and proximately co-operates with the independent cause in the resulting injury."

In the instant case there was ample evidence to the effect that the ridge was an efficient and moving cause of appellee's fall and injury. The attack by the wasps merely furnished the occasion or reason for appellee to move away from the fence. The attack by the wasps was not the sole cause of Mrs. Fillmon's fall and injury. It was only a concurring cause of the accident. Appellant's points urging that absence and insufficiency of the evidence to support the finding of the jury that its negligence was the proximate cause of appellee's injury are overruled.

The judgment of the trial court is affirmed.