Ellis J. Staley, Jr., J.
This is a motion made pursuant to sections 3813 of the Education Law and 50-e of the General Municipal Law for an order extending the time to serve a notice of claim upon the Bethlehem Central School District. The motion was returnable at Special Term, Albany County Supreme Court, on December 9, 1976.
The petitioner was injured on January 15, 1976 as a member of a physical education class at the Bethlehem Central Senior High School while participating in a trampoline exercise on the same trampoline with two male students. The injury was incurred when the three students collided, and one of the male students fell on top of the petitioner causing an injury to the cervicle region of her back. At the time of the injury, the physical education class was being supervised.
The supervisor of the class was immediately advised of the occurrence and, on the next day, petitioner reported the accident to the school nurse, and an accident report on a form prepared by the school district was filled out. On the same day, the petitioner was examined by Dr. Lawrence Gifford and received a prescription for a cervical collar, bed rest and medication.
On February 19, 1976, petitioner’s mother wrote to Dr. Lawrence A. Zinn, Superintendent of the Bethlehem Central School District, advising him of the accident and of the nature of the injuries. On March 10, 1976, petitioner’s mother met with Dr. Zinn and informed him in detail of the accident and the circumstances surrounding the same. Petitioner was absent from school due to the injury from February 11, 1976 until April 1, 1976, and returned for partial school days from April 1, 1976 through the end of the school year in May, 1976.
Petitioner’s parents had discussions and negotiated with representatives of insurance carriers for the school district on several occasions, and a representative of one of the carriers obtained a statement from petitioner on April 8, 1976. On May 3, 1976, petitioner’s father addressed a letter to the Bethlehem Central High School to the attention of the insurance claims office stating: "In lieu of a claim form, this is to formally notify you that my daughter, Pamela Anne Matey, was injured on the morning of January 15, 1976 during gym class. She sustained a herniated cervical disc, and is under the care of a neurosurgeon, Dr. Louis R. Nelson.” A copy of this *392 letter was also sent to Mr. Franz K. Zwicklbauer, business administrator.
At the time of the accident, petitioner was 17 years old. She became 18 years old on July 19, 1976. In the month of September, 1976, a representative of an insurance carrier for the school district requested petitioner to execute a general release in order to secure payment of hospital, doctor and other medical bills. Petitioner and her parents thereafter had informal discussions with regard to the injuries with Barry R. Fischer, Esq. and, on October 22, 1976, petitioner retained him to pursue her claim against the school district.
Petitioner asserts that neither she nor her parents were aware of the statutory requirements of filing a notice of claim within 90 days after the accident, and they did not become aware of this requirement until they sought the advice of counsel.
An opposing affidavit by the attorney for the school district states that no notice of claim was filed within 90 days after the accident or within 90 days after petitioner became 18 years of age. He states that there is no legally sufficient reason set forth for the failure to file a timely notice of claim, ignorance of the requirement never having been recognized as an exception to the requirement. This affidavit acknowledges the delivery of the letters and the discussions referred to in the moving papers, but states that the letters do not amount to a notice of claim, and that the discussions with the school district and carrier representatives concerned a commitment that the insurance carrier would pay medical bills not covered by the petitioner’s insurance, and that petitioner’s parents indicated that they did not plan to sue the school district.
Franz K. Zwicklbauer, the business administrator of the school district states, by affidavit, that he met with the parents of the petitioner on March 10, 1976 at which time they told him that they were interested in payment for medical expenses that their own insurance might not cover, and that they did not desire or intend to bring a suit against the school district.
Stephen F. Trowbridge, a claim representative of the Travelers Insurance Company, by affidavit, states that Travelers received notice of the accident, and the file was assigned to him. On April 8, 1976, he contacted the petitioner’s family, and was advised that no claim or suit was to be brought against the school, but they wanted to be sure that medical *393 bills would be paid. He states he advised them that Travelers would pay any bills over and above their own insurance and the school’s pupil benefits plan. He further states that relying on their repeated representations that no suit was intended, he did not conduct an intensive investigation, but merely interviewed the claimant and physical education instructor, and did not interview all the students present when the accident occurred. He also states that if this motion is granted, his investigation would be seriously prejudiced since the students in the class have graduated and have gone their separate ways.
Section 3813 of the Education Law provides that no action or special proceeding founded upon tort shall be prosecuted or maintained against a school district unless a notice of claim shall have been served in compliance with section 50-e of the General Municipal Law. Subdivision 1 of section 50-e requires a notice of claim to be given or served within 90 days after the claim arises. Prior to September 1, 1976, the court, in its discretion, was authorized to grant leave to serve a notice of claim within a reasonable time after the expiration of the 90-day period when the claimant was an infant, or had died within the 90-day period, or had failed to serve the notice in reliance upon representations in writing by an authorized representative of the party against which the claim was made or its insurance carrier, provided application was made to the court within one year after the claim arose.
Subdivision 5 of section 50-e was amended by chapter 745 of the Laws of 1976 effective September 1, 1976, and now provides as follows: "Upon application, the court, in its discretion, may extend the time to serve a notice of claim specified in paragraph (a) of subdivision one. The extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation. In determining whether to grant the extension, the court shall consider, in particular, whether the public corporation or its attorney or its insurance carrier acquired actual knowledge of the essential facts constituting the claim within the time specified in subdivision one or within a reasonable time thereafter. The court shall also consider all other relevant facts and circumstances, including: whether the claimant was an infant, or mentally or physically incapacitated, or died before the time limited for service of the notice of claim; whether the claimant failed to serve a timely notice of claim by reason of his *394 justifiable reliance upon settlement representations made by an authorized representative of the public corporation or its insurance carrier; whether the claimant in serving a notice of claim made an excusable error concerning the identity of the public corporation against which the claim should be asserted; and whether the delay in serving the notice of claim substantially prejudiced the public corporation in maintaining its defense on the merits.”
This section is remedial in nature in that it was the intention to relieve some of the hardship incurred under the prior statute and, as such, is to be liberally construed. Infancy, death or reliance on negotiations are no longer the sole criteria to be considered. The prime criteria under the new statute is whether the public corporation, its attorney or insurance carrier acquired actual knowledge of the essential facts constituting the claim within 90 days after it arose, or within a reasonable time thereafter. For a period of time, herein, infancy was also involved which is to be considered.
The effect of the amendment of subdivision 5 is to alleviate to some extent the hardship involved by lack of knowledge of the notice requirements of subdivision 1 of section 50-e of the General Municipal Law. On all the facts and circumstances here presented, the court, in its discretion, grants petitioner’s motion. (Matter of Smalls v New York City Health and Hosps. Corp., 55 AD2d 537.)